IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**JESUS DEGOLLADO,**

        Petitioner,

    v.                        **CIVIL ACTION NO. 5:23-CV-257**
                                  Judge Bailey

**H. RAY,**

        Respondent.

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On July 19, 2023, the *pro se* petitioner, Jesus DeGollado, ("petitioner") filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1]. Petitioner is a federal inmate who is housed at FCI Hazelton in Bruceton Mills, West Virginia, and is challenging the application of time credits. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A. For the reasons set forth below, the undersigned recommends that the petition be denied and dismissed with prejudice.

### II. BACKGROUND [1]

---

[1] The information in this section is taken from the petitioner's criminal docket available on PACER. See **United States v. DeGollado**, 3:20-CR-00637-JJH-1 (N.D. Oh. 2020). **Philips v. Pitt Cnty. Mem. Hosp.**, 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); **Colonial Penn. Ins. Co. v. Coil**, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

.

1

A.     **Conviction and Sentence**

On October 15, 2020, petitioner was charged in five-count indictment with: Count One, possession with intent to distribute a mixture containing fentanyl in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B); Count Two, possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B); Count Three, possession with intent to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C); Count Four, possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A); and Count Five, being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Petitioner pleaded guilty pursuant to a plea agreement to counts One and Two.  On March 23, 2022, petitioner was sentenced to a total term of 87 months.  According to the Bureau of Prison's ("BOP") website, the petitioner's **projected** release date, via good conduct time, is November 14, 2026.

B.     **The Instant Petition for Habeas Corpus Under § 2241**

In his petition, petitioner states that the BOP has classified him as ineligible for time credits under the First Step Act and asks that this be corrected to show he is eligible. He further asks that he be granted seven-and-a-half months off of his sentence; he states that this is "for being incarcerated during covid for numerous lockdowns and isolation." [Doc. 1 at 7].

### III.     LEGAL STANDARDS

A.     **Reviews of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged

with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

B.	Pro Se Litigants

As a *pro se* litigant, the petitioner pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." **Haines v. Kerner**, 404 U.S. 519, 520 (1972). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See* **Weller v. Dep't of Social Servs.**, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner is not entitled to relief under 28 U.S.C. § 2241, and this matter is due to be dismissed.

IV. ANALYSIS

Upon review, the undersigned finds that petitioner has failed to state a claim upon which relief can be granted. Petitioner is ineligible to earn credits under the First Step Act due to his conviction under 21 U.S.C. § 841(b)(1) for an offense involving fentanyl. Under 18 U.S.C. § 3632(d)(4)(A), "A prisoner, except for an ineligible prisoner under subparagraph (D), who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits" at a rate of "10 days time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities" with the possibility to earn an additional

5 days per 30 days of successful participation.  18 U.S.C.A. § 3632(d)(4)(A).  However, subparagraph (D) excludes certain prisoners from eligibility:

> **(D) Ineligible prisoners.**--A prisoner is ineligible to receive time credits under this paragraph if the prisoner is serving a sentence for a conviction under any of the following provisions of law:
> …
>
> **(lxvi)** Subparagraph (A)(vi) or (B)(vi) of section 401(b)(1) of the Controlled Substances Act (21 U.S.C. 841(b)(1)) or paragraph (1)(F) or (2)(F) of section 1010(b) of the Controlled Substances Import and Export Act (21 U.S.C. 960(b)), relating to manufacturing, distributing, dispensing, or possessing with intent to manufacture, distribute, or dispense, a mixture or substance containing a detectable amount of [fentanyl], or any analogue thereof.

18 U.S.C. § 3632(d)(4)(D)(lxvi).  One of the above-referenced sections, 21 U.S.C. § 841(b)(1)(B)(vi), covers the penalties for possession with intent to distribute "40 grams or more of a mixture or substance containing a detectable amount of [fentanyl] or 10 grams or more of a mixture or substance containing a detectable amount of any analogue of [fentanyl]."  Here, petitioner pleaded guilty to Count One, a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) for possession with intent to distribute a controlled substance; the indictment specifies that the offense involved 95.14 grams of a mixture and substance containing a detectable amount of acetyl fentanyl.  Thus, petitioner is ineligible to receive time credits under 18 U.S.C. § 3632(d).  Further, to the extent petitioner contends he is *automatically* entitled to seven-and-a-half months' credit for being incarcerated during the COVID-19 pandemic, there is no such automatic entitlement under the First Step Act.  Accordingly, the petition should be dismissed.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [**Doc. 1**] be **DENIED** and **DISMISSED WITH PREJUDICE**.

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**:  August 17, 2023.

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE